UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                ) Case No. 05-30143-C-7
                                     )
TEAYA GARCIA,                        ) DC No.  EJS-1
                                     )
                                     )
          Debtor.                    )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO VACATE STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

Findings of Fact

Debtor filed this voluntary chapter 7 petition on August 18, 2005.

On August 30, 2005, The Lily Company ("movant") filed a

motion, notice, and declaration requesting that this court lift the automatic stay in order to proceed with an eviction action against debtor. The hearing on the motion was set for October 25, 2005. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

The motion establishes that movant owns real property commonly known as 1 Shoal Court #25, Sacramento, California. The debtor leases said property from movant and is in default under the terms of the lease agreement.

## Conclusions of Law

The automatic stay of acts against the debtor *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Because the debtor leases the property and does not own the property, the property is not property of the estate, and hence the debtor has no equity in the property. Therefore the motion will be granted and the movant may proceed with the eviction.

An appropriate order will issue.

Dated: October 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Teaya Garcia
8468 Thornfield Drive
Sacramento, CA 95828

Peter Macaluso
910 Florin Road #111
Sacramento, CA 95831-5259

Kenneth Sanders
P.O. Box 214205
Sacramento, CA 95821

Eric Schwab
1420 River Park Drive, Suite 140
Sacramento, CA 95814

Office of the United States Trustee
United States Courthouse
501 I Street, Suite 7-500
Sacramento, CA  95814

Dated: 10/31/05

_____
Deputy Clerk